Morimoto v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-272-CR

EDWARD T. MORIMOTO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL COURT NO. 1 OF DENTON COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

Appellant Edward T. Morimoto appeals his conviction for assault.  In a  single issue, appellant contends that the trial court erred in finding that he committed family violence, and in punishing him for family violence, without submitting the issue to the jury.  We will affirm.

On the evening of January 24, 2004, appellant assaulted his wife after she asked him to turn down the volume on the television.  A jury found appellant guilty of assault.  Appellant elected for the trial court to assess his punishment.  At the punishment phase of trial, the court made an oral finding that appellant and Lisa Morimoto were family members or members of the same household, sentenced appellant to one hundred twenty days' confinement, and ordered him to pay a seven-hundred-dollar fine.  The court suspended appellant’s sentence and placed him on community supervision for twenty months, subject to the payment of this and other fines and conditions, and, based on the family violence finding, payment of one hundred dollars to a family violence shelter. 

In his sole issue, appellant argues that the family violence issue should have been presented to the jury under 
Apprendi v. New Jersey
, 530 U.S. 466, 120 S. Ct. 2348 (2000), because the trial court findings would enhance the effect of his assault conviction by making it a precursor offense to a felony in the event he is subsequently charged with an assault involving family violence and because it resulted in an order for him to pay one hundred dollars to a family violence shelter.  Appellant also complains that he did not have notice that he was charged with an offense involving family violence. 

“In the trial of an offense under Title 5, Penal Code, if the court determines that the offense involved family violence, as defined by Section 71.01, Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case.”  
Tex. Code Crim. Proc. Ann.
 art. 42.013 (Vernon Supp. 2004-05).  Under section 71.004, family violence includes an act by a member of a family or household against another member of the family or household that is intended to result in assault.  
See
 Tex. Fam. Code Ann.
 § 71.004 (Vernon 2002).

Because appellant was found guilty of assaulting his wife, the trial court was statutorily required to find that he committed family violence.  The court, however, did not increase appellant’s punishment beyond the prescribed statutory maximum for misdemeanor assault.
(footnote: 2)  Therefore, the trial court was not required under 
Apprendi
 to submit the family violence issue to the jury.  
See
 
Butler v. State
, No. 2-04-178-CR, 2005 WL 737480 at *4 (Tex. App.—Fort Worth March 31, 2005, no pet. h.).

Moreover, appellant did have notice that his offense involved family violence.  
Both the complaint and the information charge appellant with “assault family violence.”  Further, appellant was charged with assaulting Lisa Morimoto, and the record shows that appellant knew she was his wife at the time of the offense.  Therefore, appellant had notice that he was charged with committing an act of violence against a family member.  
See
 
Butler,
 2005 WL 737480 at *5.

We hold that the trial court was not required to submit the issue of family violence to the jury.  Accordingly, we overrule appellant’s sole issue and affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 April 14, 2005

FOOTNOTES
1:
See
 Tex. R. App. P. 47.4. 

2:
Appellant was convicted of assault, a Class A misdemeanor. 
 See
 
Tex. Penal Code Ann.
 § 22.01(a)(1), (b) (Vernon 2003).  An individual adjudged guilty of a Class A misdemeanor shall be punished by a fine not to exceed four thousand dollars, confinement in jail for a term not to exceed one year, or both. 
 
Id
.
 § 12.21 (Vernon 2003).  The length of appellant’s probated sentence, however, was only one hundred twenty days, and his fine, plus the amounts the trial court ordered him to pay to a family violence shelter and Crime Stoppers, totaled no more than eight hundred twenty dollars.